UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK CARTER,                                                          Plaintiff,

v.                                         Civil Action No. 3:18-cv-273-DJH-LLK

COMMISSIONER OF SOCIAL SECURITY,                     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Carter filed this action seeking review of the Commissioner of Social Security's decision to deny his application for disability-insurance benefits. (Docket No. 1) The case was referred to Magistrate Judge Lanny L. King for report and recommendation. Judge King issued his Findings of Fact, Conclusions of Law, and Recommendation on February 13, 2019, recommending that the Commissioner's decision be affirmed and that Carter's complaint be dismissed. (D.N. 18) Carter timely filed an objection to the report and recommendation. (D.N. 21) After careful consideration, the Court will overrule the objection and adopt Judge King's Findings of Fact, Conclusions of Law, and Recommendation.

### I.     BACKGROUND

On November 22, 2015, Carter filed an application for disability-insurance benefits asserting that he was unable to work due to his interstitial lung disease/pulmonary fibrosis, disk herniation/bilateral foraminal stenosis, depression/PTSD, and hypertension. (D.N. 9-2, PageID # 50; D.N. 9-3, PageID # 200) The Commissioner denied Carter's application on July 26, 2016, and again on December 7, 2016. (D.N. 9-2, PageID # 50) Carter thereafter filed a request for a hearing before an administrative law judge. (*Id.*) On January 3, 2018, the ALJ issued an opinion denying Carter's claims, finding that Carter has the residual functional capacity (RFC) to perform

1

"sedentary work as defined in 20 CFR 404.1567(a)" with some limitations. (*Id.*, PageID # 55) The ALJ also found that considering Carter's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (*Id.*, PageID # 69) The appeals council denied Carter's request for review. (*Id.*, PageID # 36–39)

Carter filed this action on April 30, 2018, challenging the Commissioner's denial of his claims. (D.N. 1) The Court referred the matter to Magistrate Judge Lanny L. King, who recommended that the Commissioner's decision be affirmed and that Carter's complaint be dismissed with prejudice. (D.N. 18) Carter timely filed objections to Judge King's recommendation. (D.N. 21)

## II.  STANDARD

When a party objects to a report and recommendation, the Court reviews de novo only those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Skaggs v. Berryhill*, No. 3:17-CV-631-DJH-LLK, 2018 WL 4219194, at *2 (W.D. Ky. Sept. 5, 2018). Accordingly, the Court will review de novo only the portions of Judge King's recommendation to which Carter objects.

The Commissioner has promulgated regulations setting forth a five-step sequential process for evaluating whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). Step two and step five of that process are at issue here. (D.N. 24; D.N. 27) At step two, the ALJ "must determine whether the claimant has a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (D.N. 9-2, PageID # 51) 20 C.F.R. 404.1520(c). Having already concluded that a claimant cannot perform past relevant work due to his impairment, at step five, the ALJ considers the claimant's RFC with his age, education, and work experience to determine

2

whether he can perform any other work. 20 C.F.R. § 404.1520(g). If the claimant cannot perform any other work, the Commissioner will find that he is disabled. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

"In reviewing an ALJ's decision, the Court asks 'whether it is supported by substantial evidence and was made pursuant to proper legal standards.'" *Skaggs*, 2018 WL 4219194, at *3 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241. The Court must affirm the ALJ's decision if it is supported by substantial evidence. *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citations omitted). "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."). The Court may not independently weigh the available evidence. *Price v. Comm'r SSA*, 342 F. App'x 172, 174 (6th Cir. 2009).

### III. DISCUSSION

While Carter only lists one objection, "Obesity as a Severe Impairment," it appears that he objects to Judge King's recommendations on three grounds: failure to take obesity into account as a severe impairment; improper utilization of a treating-source opinion; and the ALJ's improper evaluation methods. (*See* D.N. 21, PageID # 951, 953) The Court will consider each objection in turn.

## A.

Carter first argues that the ALJ failed to classify Carter's obesity as a severe impairment under Step 3 of the analysis and that Judge King failed to mention obesity as a severe impairment. (*Id.*, PageID # 951–52) Yet the ALJ did classify Carter's obesity as a severe impairment. (D.N. 9-2, PageID # 52, 54) And while it is true that Carter's obesity was not mentioned by Judge King in his report and recommendation, this omission is likely attributable to the fact that Carter did not raise the issue in his Memorandum of Law/Findings of Fact. (*See* D.N. 12) Judge King could address only the issues that Carter appealed and developed in his memorandum. *See Cooper v. Colvin*, No. CIV.A. 12-101-DLB, 2013 WL 5350624, at *7 n.2 (E.D. Ky. Sept. 23, 2013) (noting that the reviewing court "can only address those arguments that the Plaintiff actually makes"). Moreover, Carter's failure to set forth his objection to the obesity-impairment issue in his memorandum constitutes a waiver of that argument. *See Franklin v. Colvin*, No. 115CV00052GNSHBB, 2015 WL 9255563, at *2 (W.D. Ky. Dec. 18, 2015) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)) (finding that a court "is under no obligation, absent compelling reasons, to review new arguments or issues that were not raised before the Magistrate Judge").

Carter also asserts that "the Court's rationalization of the reasons why obesity was not proven as a severe impairment is a substitution of its opinion for that of the Commissioner who never considered the matter." (D.N. 21, PageID # 952) Again, however, Judge King's recommendation did not address obesity because Carter did not raise that issue in his memorandum. (*See* D.N. 18) In any event, Carter's obesity was in fact classified as a severe impairment by the ALJ. (D.N. 9-2, PageID # 52)

If Carter's objection is that his obesity should be classified as a severe impairment, it fails because the ALJ classified it as such. (*Id.*) If the objection is that Judge King did not properly consider his obesity when determining whether the ALJ's decision should be affirmed, this argument has been waived. *See Murr*, 200 F.3d at 902 n.1.

**B.**

Carter's second objection appears to be that the ALJ improperly ignored a treating-source opinion. (*See* D.N. 21, PageID # 953–54) In his objections, Carter does not identify which treating source's opinion is at issue. (*See* D.N. 21) The objections include only vague statements such as "[t]he ALJ did not follow the directives of 20 C.F.R. § 404.1527 when considering the treating source and the unique perspective the treating source brings to the evaluation," and "[t]he record contains statements of the treating physician about the combined effect of the physical and mental impairments as well as the psychological findings of somatic problems by the psychological treating source." (*Id.*, PageID # 953–54) Carter's objection never mentions the particular treating-source opinion that he claims was given too little significance, or how it should have been considered. (*See id.*)

"It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997). Vague arguments without factual support are deemed waived. *See Moore v. Comm'r*, 573 F. App'x 540, 543 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). As Carter has not provided the Court with sufficient details to determine which treating-source opinion is at issue or how it should have been considered, the Court considers this argument waived.

5

## C.

Finally, Carter objects to two of the ALJ's evaluation methods. First, Carter argues that "the ALJ's generalization about considering the effect on the body's systems is insufficient." (D.N. 21, PageID # 953) But Carter does not provide the Court with specific details regarding the alleged improper generalization. (*See* D.N. 21) Nor is there any reference to the record or any specific part of the ALJ's decision. (*See id.*) Carter has not provided the Court with sufficient detail to consider this argument, and thus it is waived. *See Moore*, 573 F. App'x at 543.

Carter next complains that "[t]he ALJ must explain how any material inconsistencies or ambiguities in the record evidence were considered and resolved." (D.N. 21, PageID # 953) Carter directs the Court to consider "why were the numerous findings evidencing obesity omitted as well as the opinions and numerous findings on the combined effect of the physical and mental symptoms?" (*Id.*, PageID # 954) But an ALJ need not "discuss every piece of evidence in the record." *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)). As with the first evaluation objection, this vague description of "ambiguities" and "inconsistencies" in the record is insufficient to permit this Court to meaningfully consider the argument. *See Moore*, 573 F. App'x at 543. This argument is therefore also waived. *Id.*

IV. **CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Lanny King (D.N. 18) are **ADOPTED** in full and **INCORPORATED** by reference herein.

(2)     Carter's objections (D.N. 21) are **OVERRULED**.

(3)     A separate judgment will be entered this date.

August 29, 2019

**David J. Hale, Judge**
**United States District Court**